1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE WESTERN DISTRICT OF WASHINGTON

10

11 SAFETY STAR, LLC, a Missouri limited liability company,

Civil Action No. 2:23-CV-5440

12

Plaintiff,

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS**

13

vs.

14

APTIBYTE, LLC, a Washington limited liability company,

15

16

Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

COMPLAINT
CASE NO. 2:23-CV-5440

Plaintiff Safety Star, LLC ("Plaintiff"), by and through its attorneys, files this Complaint ("Complaint") against Defendant Aptibyte LLC ("Defendant"), alleging as follows:

## PARTIES

1.     Plaintiff is a Missouri limited liability company that provides an array of safety awareness programs and products, including safety bingo kits and cards. Plaintiff has been in business for over 30 years, and has a principal place of business in Ozark, Missouri.

2.     Defendant is a Washington limited liability company having a principal place of business at 10013 NE Hazel Dell Ave., # 212, Vancouver, WA 98685-5203, and a registered address at 605 NW 94th St., Vancouver, WA 98665.

3.     On information and belief, Defendant occasionally does business under its company name.

4.     On information and belief, Defendant is also does business under the fictitious name "Bingo Baker".

## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, in that this action arises under Acts of Congress relating to trademarks, and the claims for unfair competition under state law are joined with substantial and related claims brought under the federal trademark laws.

6.     This court likewise has diversity jurisdiction under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states in that Plaintiff has its principal place of business in the state of Missouri, and Defendant has its principal place of business in the state of Washington.

7.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

and that Defendant is subject to the court's subject matter and/or personal jurisdiction with respect to this action as indicated in the preceding paragraphs.

**FACTUAL BACKGROUND**

8.     Plaintiff was founded by Mr. Albert Culbertson in 1989, and since its founding, Plaintiff has sold a variety of safety awareness programs and products to consumers throughout the United States and across the world.

9.     Plaintiff has manufactured, marketed, and sold a proprietary safety bingo program under the trademarks B-SAFE and BSAFE BINGO (the "B-SAFE Bingo Program") since 1992, long before Defendant's acts described herein.

10.     Since at least 1992, Plaintiff has continuously manufactured, marketed, and sold the B-SAFE Bingo Program in commerce throughout the United States.

11.     Plaintiff has invested significant time, effort, and expense in advertising, marketing, and promoting the B-SAFE Bingo Program, and has enjoyed significant consumer recognition and goodwill as a result.

12.     Attached as **Exhibit 1** is a true and correct copy of a game card from Plaintiff's B-SAFE Bingo Program.

13.     Plaintiff markets and offers for sale its B-SAFE Bingo Program directly to consumers, such as through its website at www.safetystar.com as shown in **Exhibit 2.**

14.     Plaintiff's continuous and exclusive use of its B-SAFE and BSAFE BINGO trademarks and the intellectual property associated therewith resulted in generating goodwill and consumer recognition in connection with the B-SAFE Bingo Program throughout the United States.

15.     Consumers therefore recognize the B-SAFE Bingo Program as the original and authentic safety bingo product that they trust for their workplace safety training efforts.

**PLAINTIFF'S TRADEMARKS**

16.    Plaintiff is the owner of the following U.S. Trademark Registrations for use in connection with its B-SAFE Bingo Program (collectively, the "B-SAFE Trademarks"):

| Mark | Reg. No. | Goods/Services | Filing Date | Reg. Date |
|------|----------|----------------|-------------|-----------|
| B-SAFE | 3032329 | Bingo-type game cards for use in promoting safety. | January 8, 2005 | December 20, 2005 |
| BSAFE BINGO | 5660503 | Board games designed to promote employee safety awareness. | June 4, 2018 | January 22, 2019 |

17.    True and correct copies of the foregoing registrations are attached as **Exhibits 3 & 4.**

18.    Plaintiff's B-SAFE Trademarks are "prima facie evidence of the validity of the registered mark[s] and of the registration of the mark[s], of [Plaintiff's] ownership of the mark[s], and of the [Plaintiff's] exclusive right to use the registered mark[s] in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

19.    Plaintiff's U.S. Trademark Reg. No. 3032329 for B-SAFE was filed for before and registered before Defendant's infringing use commenced.

20.    As a result of Plaintiff's extensive use of its B-SAFE Trademarks, the trademarks have become uniquely associated with Plaintiff.

21.    The B-SAFE Trademarks are inherently distinctive, and Plaintiff's use of its B-SAFE Trademarks pre-dates Defendant's confusingly similar use on its bingo cards, as described herein.

## DEFENDAN'S INFRINGING ACTIVITIES

22.     Defendant is engaged in publishing and distribution of bingo cards bearing the B-SAFE Trademarks to consumers in this district.

23.     Defendant is engaged in the business of operating an online bingo card system at its website www.bingobaker.com. Attached as **Exhibit 5** is a screenshot of Defendant's website dated March 29, 2023.

24.     Defendant's website is generally directed to all consumers, including those in this district.

25.     Defendant offers bingo cards with the marks BSAFE, B SAFE, B-SAFE, and BSAFE BINGO, all of which are available to consumers to download and print at Defendant's website.

26.     On information and belief, Defendant has offered bingo cards bearing the B-SAFE Trademarks since at least 2017. A true and correct copy of one of Defendant's bingo cards bearing the mark BSAFE is attached as **Exhibit 6** which shows a "created" date of 2017-04-19, years after Plaintiff had established rights and goodwill in and to the B-SAFE Trademarks.

27.     Defendant's bingo cards are identical or highly similar to the cards included in Plaintiff's B-SAFE Bingo Program.

28.     As such, Defendant allows consumers to circumvent Plaintiff by providing bingo cards bearing the B-SAFE Trademarks.

29.     On or about March 23, 2020, shortly after learning of Defendant's unauthorized use of the B-SAFE Trademarks for bingo cards, Plaintiff sent a cease and desist letter to Defendant. Attached as **Exhibit 7** is a true and correct copy of the cease and desist letter.

30.      To date, Defendant has not ceased infringing use of the B-SAFE Trademarks and has expanded the number of bingo cards bearing the B-SAFE Trademarks, all of which directly overlap with Plaintiff's products and registered rights. Attached as **Exhibits 8-10** are screenshots from Defendant's website

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

showing numerous bingo cards bearing the BSAFE, B SAFE, B-SAFE, and BSAFE BINGO marks.

31.    Defendant's infringing bingo cards appear on the first page of search results during a query for the phrase "BSAFE Bingo" on Google®. Attached as **Exhibit 11** is a screenshot of this query conducted on March 29, 2023.

32.    Defendant's infringing bingo cards appear throughout the first page of image search results during a query for the phrase "BSAFE Bingo" on Google®. Attached as **Exhibit 12** is a screenshot of the image search results for the query conducted on March 29, 2023.

33.    Upon information and belief, Defendant has tagged the BSAFE-related bingo cards available on its website with the terms BSAFE and B-SAFE for search engine optimization purposes, which has resulted in these infringing bingo cards to appear prominently in the aforementioned search results.

34.    Defendant provides a "Search Tips" section on its website at www.bingobaker.com/tips. These "Search Tips" provide consumers with instructions on how to perform advanced searching using a query language. Attached as **Exhibit 13** is a screenshot of Defendant's website dated March 29, 2023.

35.    Defendant's "Search Tips" provide consumers instructions on how to restrict or block certain terms from appearing in the results. For example, Defendant states that the query "'corpus: 'milton friedman' -economics" results in "bingo cards with a word or clue containing the exact phrase 'milton friedman', but nothing in the BingoBaker mentions 'economics'." *See id.* Upon information and belief, Defendant could have implemented a similar software mechanism to prevent consumers from generating bingo cards that incorporate the B-SAFE Trademarks upon receiving Plaintiff's cease and desist letter.

36.    Defendant's offering of bingo cards so similar to, and under identical marks, has harmed Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

37.     Defendant is not in any way affiliated with Plaintiff, has used the B-SAFE Trademarks without authorization, without Plaintiff's consent, and has therefore interfered with Plaintiff's prospective economic advantage as a result of allowing potential consumers of circumvent purchasing Plaintiff's B-SAFE Bingo Program, all while infringing Plaintiff's rights.

38.     Defendant's continued use of the B-SAFE Trademarks and branding efforts related to its bingo cards will confuse consumers. Defendant's continued efforts to trade off Plaintiff's goodwill will continue to cause Plaintiff harm.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114)])

39.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 38, inclusive, and incorporates them as though fully set forth by this reference herein.

40.     Defendant's use in commerce of words, terms, or names, or any combination thereof, consisting of or including the confusingly similar mark B-SAFE, and/or derivatives thereof constitutes a colorable imitation of Plaintiff's B-SAFE Trademarks, and is likely to cause confusion, or to cause mistake, or to deceive. As such, Defendant's use of the B-SAFE Trademarks constitutes an infringement of Plaintiff's trademarks.

41.     Defendant's infringing actions are intentional and willful, as Defendant expanded its use of the B-SAFE Trademarks with actual knowledge of Plaintiff's rights.

42.     Defendant's acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendant from use of B-SAFE Trademarks, and any confusingly

similar marks in commerce in connection with their products, services, or offerings.

43.    Defendant's intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages, attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)])

44.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 43, inclusive, and incorporates them as though fully set forth by this reference herein.

45.    In addition to its federally registered trademarks, Plaintiff is the owner of common law rights for B-SAFE Trademarks.

46.    Defendant's use in commerce of words, terms, or names, or any combination thereof, consisting of or including the confusingly similar mark B-SAFE, and/or derivatives thereof constitutes a colorable imitation of Plaintiff's B-SAFE Trademarks, and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

47.    Defendant's use of the B-SAFE Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

48.    Defendant's use of the B-SAFE Trademarks in advertising and branding is a blatant attempt to capitalize on the goodwill established by Plaintiff.

49.    Defendant's infringing actions are intentional and willful, as Defendant expanded its uses of the B-SAFE Trademarks with actual knowledge of Plaintiff's rights.

50.     Defendant's acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendant from use of B-SAFE Trademarks, and any confusingly similar marks in commerce in connection with their products, services, or offerings.

51.     Defendant's intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages and its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## **THIRD CAUSE OF ACTION**

### **(Unfair Competition Under Wash. Rev. Code Ann. § 19.86.020)**

52.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 51, inclusive, and incorporates them as though fully set forth by this reference herein.

53.     By virtue of the actions of Defendant complained of herein, Defendant has competed unfairly with Plaintiff.

54.     Upon information and belief, Defendant's actions have been willful and deliberate.

55.     Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

56.     Plaintiff has suffered injury in fact and has lost money as a result of Defendant's unfair competition in the form of damage to its goodwill, lost consumer adoption, loss of its intellectual property and other actual damages.

57.     The harm to Plaintiff and to members of the general public outweighs the utility of Defendant's business practices.

58.     The unlawful, unfair, and fraudulent business practices of Defendant, as described in this Complaint, present a continuing threat to members of the

ENVISION IP
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

public in that they are likely to cause confusion as to the source of Defendant's bingo cards in that the public is likely to believe that Defendant's bingo cards originate from, or is affiliated or associated with Plaintiff, or are otherwise sponsored or endorsed by Plaintiff.

59.     As a direct and proximate result of Defendant's wrongful acts as alleged in this Complaint, Defendant obtained unlawful profits to the detriment of Plaintiff.

60.     Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.  Plaintiff is therefore entitled to an injunction prohibiting Defendant's wrongful acts.

61.     Defendant committed the wrongful acts willfully, intending to gain business and a share of the market by riding on Plaintiff's reputation and good will.  Defendant's conduct justifies an award of exemplary damages.

62.     Defendant's acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendant from use of B-SAFE Trademarks, and any confusingly similar marks in commerce in connection with their products, services, or offerings.

## **FOURTH CAUSE OF ACTION**
### **(Unfair Competition Under Washington Common Law)**

63.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 62, inclusive, and incorporates them as though fully set forth by this reference herein.

64.     By virtue of the actions of Defendant complained of herein, Defendant has competed unfairly with Plaintiff.

65.     Upon information and belief, Defendant's actions have been willful and deliberate.

66.     Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

67.     Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's unfair competition in the form of damage to its goodwill, lost consumer adoption, loss of its intellectual property and other actual damages.

68.     The harm to Plaintiff and to members of the general public outweighs the utility of Defendant's business practices.

69.     The unlawful, unfair, and fraudulent business practices of Defendant, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendant's bingo cards in that the public is likely to believe that Defendant's bingo cards originate from, or is affiliated or associated with Plaintiff, or are otherwise sponsored or endorsed by Plaintiff.

70.     As a direct and proximate result of Defendant's wrongful acts as alleged in this Complaint, Defendant obtained unlawful profits to the detriment of Plaintiff.

71.     Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.  Plaintiff is therefore entitled to an injunction prohibiting Defendant's wrongful acts.

72.     Defendant committed the wrongful acts willfully, intending to gain business and a share of the market by riding on Plaintiff's reputation and good will.  Defendant's conduct justifies an award of exemplary damages.

73.     Defendant's acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to

ENVISION IP
LAW OFFICES, L.L.C.
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

permanently bar Defendant from use of B-SAFE Trademarks, and any confusingly similar marks in commerce in connection with their products, services, or offerings.

## FIFTH CAUSE OF ACTION

### (Tortious Interference with Economic Relations)

74.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 73, inclusive, and incorporates them as though fully set forth by this reference herein.

75.    Upon information and belief, Defendant knew or should have known that offering bingo cards on its website using the B-SAFE Trademarks would result or would have resulted in a future economic detriment to Plaintiff.

76.    Defendant knew or should have known that offering bingo cards bearing the B-SAFE Trademarks on its website would only further consumer confusion and weaken the strength of Plaintiff's brand identity, especially as Defendant provides no disclaimer, distinction, or otherwise to educate consumers to this point.

77.    Defendant engaged in wrongful conduct through trademark infringement, false designation of origin, and unfair competition activities.

78.    As a result of Defendant's wrongful conduct and interference, Plaintiff was harmed. Plaintiff is therefore entitled to money damages plus prejudgment interest and costs of suit, as well as an injunction to restrain Defendant from future interference with economic relations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant as follows:

1.      That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2.      That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's federally registered trademarks;

3.      That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the B-SAFE Trademarks by using a false designation of origin, through the marketing, sale, and promotion of Defendant's products;

4.      That the Court render a final judgment that Defendant has competed unfairly with Plaintiff in violation of Wash. Rev. Code Ann. § 19.86.020;

5.      That the Court render a final judgment that Defendant has competed unfairly with Plaintiff in violation of Washington common law;

6.      That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to at least 15 U.S.C. § 1117 and the Washington Consumer Protection Act;

7.      For pre-judgment interest on all amounts claimed as permitted by law;

8.      For an order of permanent injunction, enjoining Defendant from using the B-SAFE Trademarks, or any confusingly similar trademarks, tradenames, or domain names that include the B-SAFE Trademarks, or any confusingly similar mark or variation, in connection with the generation, offering, distribution, advertising, or sale of bingo cards.

9.      That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has

ENVISION IP
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ⁿᵈ FLOOR
NEW YORK, NEW YORK 10105

1    complied with the injunction pursuant to 15 U.S.C. § 1116;

2         11.    For an order requiring Defendant to engage in corrective advertising to

3    restore, to the fullest extent possible, the value of Plaintiff's intellectual property;

4         12.    That Defendant be required to deliver and destroy all devices,

5    literature, advertising, goods, and other unauthorized materials bearing the B-SAFE

6    Trademarks, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118; and

7         13.    That this case be deemed exceptional, and the amount of the damages

8    be trebled and that the amount of profits be increased by as many times as the Court

9    deems appropriate, pursuant to 15 U.S.C. § 1117 and the Washington Consumer

10   Protection Act; and

11        14.    For such other, further, and different relief as the Court may deem

12   proper under the circumstances.

13

14   Dated:  May 15, 2023                    LAW OFFICE OF CARL J.
                                             MARQUARDT
15

16

17                                           /s/ *Carl J. Marquardt*_____
                                             Carl J. Marquardt (WA Bar No. 23257)
18                                           1126 34th Avenue, Suite 311
                                             Seattle, WA 98122
19                                           Tel:    (206) 388-4498
                                             Email: carl@cjmlawoffice.com
20

21                                           Envision IP, LLC

22                                           Maulin V. Shah
                                             *Pro Hac Vice Pending*
23                                           1345 Avenue of the Americas
                                             2nd Floor
24                                           New York, NY 10105
                                             Tel:   888-307-6807
25                                           maulin.shah@envisionip.com

26                                           Attorneys for Plaintiff SAFETY STAR,
                                             LLC.
27

28

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

Dated:  May 15, 2023

LAW OFFICE OF CARL J. MARQUARDT

/s/ *Carl J. Marquardt*
Carl J. Marquardt (WA Bar No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel:     (206) 388-4498
Email: carl@cjmlawoffice.com

Envision IP, LLC

Maulin V. Shah
*Pro Hac Vice Pending*
1345 Avenue of the Americas
2nd Floor
New York, NY 10105
Tel:    888-307-6807
maulin.shah@envisionip.com

Attorneys for Plaintiff SAFETY STAR, LLC.