ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAFETY STAR, LLC., a Missouri limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>Defendant. | Civil Action No. 23-05440-DGE<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS** |

Plaintiff Safety Star, LLC ("Plaintiff"), by and through its attorneys, files this First Amended Complaint ("Complaint") against Defendant Aptibyte LLC ("Defendant"), alleging as follows:

## PARTIES

1. Plaintiff is a Missouri limited liability company that provides an array of safety awareness programs and products, including safety bingo kits and cards. Plaintiff has been in business for over 30 years, and has a principal place of business in Ozark, Missouri.

2. Defendant is a Washington limited liability company having a principal place of business at 10013 NE Hazel Dell Ave., # 212, Vancouver, WA 98685-5203, and a registered address at 605 NW 94th St., Vancouver, WA 98665.

3. On information and belief, Defendant occasionally does business under its company name.

4. On information and belief, Defendant is also does business under the fictitious name "Bingo Baker".

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, in that this action arises under Acts of Congress relating to trademarks, and the claims for unfair competition under state law are joined with substantial and related claims brought under the federal trademark laws.

6. This court likewise has diversity jurisdiction under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states in that Plaintiff has its principal place of business in the state of Missouri, and Defendant has its principal place of business in the state of Washington.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district

## FACTUAL BACKGROUND

8. Plaintiff was founded by Mr. Albert Culbertson in 1989, and since its founding, Plaintiff has sold a variety of safety awareness programs and products to consumers throughout the United States and across the world.

9. Plaintiff has manufactured, marketed, and sold a proprietary safety bingo program under the trademarks B-SAFE and BSAFE BINGO (the "B-SAFE Bingo Program") since January 1992, long before Defendant's acts described herein.

10. Since at least January 1992, Plaintiff has continuously manufactured, marketed, and sold the B-SAFE Bingo Program in commerce throughout the United States.

11. Plaintiff has invested significant time, effort, and expense in advertising, marketing, and promoting the B-SAFE Bingo Program, and has enjoyed significant consumer recognition and goodwill as a result.

12. Attached as **Exhibit 1** is a true and correct copy of a game card from Plaintiff's B-SAFE Bingo Program.

13. Plaintiff markets and offers for sale its B-SAFE Bingo Program directly to consumers, such as through its website at www.safetystar.com as shown in **Exhibit 2.**

14. Plaintiff's continuous and exclusive use of its B-SAFE and BSAFE BINGO trademarks and the intellectual property associated therewith resulted in generating goodwill and consumer recognition in connection with the B-SAFE Bingo Program throughout the United States.

15. Consumers therefore recognize the B-SAFE Bingo Program as the original and authentic safety bingo product that they trust for their workplace

and that Defendant is subject to the court's subject matter and/or personal jurisdiction with respect to this action as indicated in the preceding paragraphs.

safety training efforts.

## PLAINTIFF'S TRADEMARKS

16.     Plaintiff is the owner of the following U.S. Trademark Registrations for use in connection with its B-SAFE Bingo Program (collectively, the "B-SAFE Trademarks"):

| Mark | Reg. No. | Goods/Services | Filing Date | Reg. Date |
| --- | --- | --- | --- | --- |
| B-SAFE | 3032329 | Bingo-type game cards for use in promoting safety. | January 8, 2005 | December 20, 2005 |
| BSAFE BINGO | 5660503 | Board games designed to promote employee safety awareness. | June 4, 2018 | January 22, 2019 |

17.     True and correct copies of the foregoing registrations are attached as **Exhibits 3 & 4.**

18.     A true and correct copy of a trademark assignment agreement dated June 4, 2018 that provides Plaintiff sole title and right to the B-SAFE Trademarks, and thus, standing to bring this Complaint is attached as **Exhibit 16**.

19.     Plaintiff's B-SAFE Trademarks are "prima facie evidence of the validity of the registered mark[s] and of the registration of the mark[s], of [Plaintiff's] ownership of the mark[s], and of the [Plaintiff's] exclusive right to use the registered mark[s] in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

20.     Plaintiff's U.S. Trademark Reg. No. 3032329 for B-SAFE was filed for before and registered before Defendant's infringing use commenced.

21.     As a result of Plaintiff's extensive use of its B-SAFE Trademarks, the trademarks have become uniquely associated with Plaintiff.

22. The B-SAFE Trademarks are inherently distinctive, and Plaintiff's use of its B-SAFE Trademarks pre-dates Defendant's confusingly similar use on its bingo cards, as described herein.

### DEFENDANT'S INFRINGING ACTIVITIES

23. Defendant is engaged in the creation and distribution of bingo cards bearing the B-SAFE Trademarks to consumers in this district.

24. Defendant is engaged in the business of operating an online bingo card system at its website www.bingobaker.com. Attached as **Exhibit 5** is a screenshot of Defendant's website dated March 29, 2023.

25. Defendant's website is generally directed to all consumers, including those in this district.

26. Defendant offers bingo cards with the marks BSAFE, B SAFE, B-SAFE, and BSAFE BINGO, all of which are available to consumers to download and print at Defendant's website.

27. On information and belief, Defendant has offered bingo cards bearing the B-SAFE Trademarks since at least 2017. A true and correct copy of one of Defendant's bingo cards bearing the mark BSAFE is attached as **Exhibit 6** which shows a "created" date of 2017-04-19, years after Plaintiff had established rights and goodwill in and to the B-SAFE Trademarks.

28. Defendant's bingo cards are identical or highly similar to the cards included in Plaintiff's B-SAFE Bingo Program.

29. Defendant further hosts these identical or highly similar bingo cards generated by customers on its server(s), whereby these bingo cards are searchable and accessible to Internet users.

30. As such, Defendant allows consumers to generate, distribute, and print bingo cards bearing the B-SAFE Trademarks, thereby circumventing Plaintiff's commercial goods.

FIRST AMENDED COMPLAINT
Case No. 23-05440-DGE         - 5 -

31.     On or about March 23, 2020, shortly after learning of Defendant's unauthorized use of the B-SAFE Trademarks for bingo cards, Plaintiff sent a cease and desist letter to Defendant. Attached as **Exhibit 7** is a true and correct copy of the cease and desist letter.

32.     To date, Defendant has not ceased infringing use of the B-SAFE Trademarks and has expanded the number of bingo cards bearing the B-SAFE Trademarks, all of which directly overlap with Plaintiff's products and registered rights. Attached as **Exhibits 8-10** are screenshots from Defendant's website showing numerous bingo cards bearing the BSAFE, B SAFE, B-SAFE, and BSAFE BINGO marks.

33.     Defendant's infringing bingo cards appear on the first page of search results during a query for the phrase "BSAFE Bingo" on Google®. Attached as **Exhibit 11** is a screenshot of this query conducted on March 29, 2023.

34.     Defendant's infringing bingo cards appear throughout the first page of image search results during a query for the phrase "BSAFE Bingo" on Google®. Attached as **Exhibit 12** is a screenshot of the image search results for the query conducted on March 29, 2023.

35.     Upon information and belief, Defendant has tagged the BSAFE-related bingo cards available on its website with the terms BSAFE and B-SAFE for search engine optimization purposes, which has resulted in these infringing bingo cards to appear prominently in the aforementioned search results.

36.     Defendant provides a "Search Tips" section on its website at www.bingobaker.com/tips. These "Search Tips" provide consumers with instructions on how to perform advanced searching using a query language. Attached as **Exhibit 13** is a screenshot of Defendant's website dated March 29, 2023.

37.     Defendant's "Search Tips" provide consumers instructions on how to restrict or block certain terms from appearing in the results. For example,

Defendant states that the query "'corpus: 'milton friedman' -economics" results in "bingo cards with a word or clue containing the exact phrase 'milton friedman', but nothing in the BingoBaker mentions 'economics'." *See id.* Upon information and belief, Defendant could have implemented a similar software mechanism to prevent consumers from generating bingo cards that incorporate the B-SAFE Trademarks upon receiving Plaintiff's cease and desist letter.

38. Defendant offers and advertises a paid membership to its website which allows customers to access bingo cards generated and hosted by Defendant, including B-SAFE related bingo cards. Attached as **Exhibit 14** is a screenshot of Defendant's website dated July 17, 2023 that allows customers to sign up for a membership for $24.95.

39. Defendant has offered a paid membership to its website since at least March 23, 2015. Attached as **Exhibit 15** is an Archive.org screenshot of Defendant's website dated March 23, 2015 that allows customers to sign up for a membership.

40. Defendant's offering of bingo cards so similar to, and under identical marks, has harmed Plaintiff.

41. Defendant is not in any way affiliated with Plaintiff, has used the B-SAFE Trademarks without authorization, without Plaintiff's consent, and has therefore interfered with Plaintiff's prospective economic advantage as a result of allowing potential consumers of circumvent purchasing Plaintiff's B-SAFE Bingo Program, all while infringing Plaintiff's rights.

42. Defendant's continued use of the B-SAFE Trademarks and branding efforts related to its bingo cards will confuse consumers. Defendant's continued efforts to trade off Plaintiff's goodwill will continue to cause Plaintiff harm.

## **FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114)])**

43. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 42, inclusive, and incorporates them as though fully set forth by this reference herein.

44. Defendant's use in commerce of words, terms, or names, or any combination thereof, consisting of or including the confusingly similar mark B-SAFE, and/or derivatives thereof constitutes a colorable imitation of Plaintiff's B-SAFE Trademarks, and is likely to cause confusion, or to cause mistake, or to deceive. As such, Defendant's use of the B-SAFE Trademarks constitutes an infringement of Plaintiff's trademarks.

45. Defendant profits from its commercial use of the B-SAFE Trademarks by selling memberships to its website where customers can obtain bingo cards bearing the B-SAFE Trademarks.

46. Defendant's infringing actions are intentional and willful, as Defendant expanded its use of the B-SAFE Trademarks with actual knowledge of Plaintiff's rights.

47. Defendant's acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendant from use of B-SAFE Trademarks, and any confusingly similar marks in commerce in connection with their products, services, or offerings.

48. Defendant's intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages, attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
**(False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)])**

49. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates them as though fully set forth by this reference herein.

50. In addition to its federally registered trademarks, Plaintiff is the owner of common law rights for B-SAFE Trademarks.

51. Defendant's use in commerce of words, terms, or names, or any combination thereof, consisting of or including the confusingly similar mark B-SAFE, and/or derivatives thereof constitutes a colorable imitation of Plaintiff's B-SAFE Trademarks, and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

52. Defendant's use of the B-SAFE Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

53. Defendant's use of the B-SAFE Trademarks in advertising and branding is a blatant attempt to capitalize on the goodwill established by Plaintiff.

54. Defendant's infringing actions are intentional and willful, as Defendant expanded its uses of the B-SAFE Trademarks with actual knowledge of Plaintiff's rights.

55. Defendant's acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendant from use of B-SAFE Trademarks, and any confusingly similar marks in commerce in connection with their products, services, or offerings.

56. Defendant's intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages and its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant as follows:

1. That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2. That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's federally registered trademarks;

3. That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the B-SAFE Trademarks by using a false designation of origin, through the marketing, sale, and promotion of Defendant's products;

4. For pre-judgment interest on all amounts claimed as permitted by law;

5. For an order of permanent injunction, enjoining Defendant from using the B-SAFE Trademarks, or any confusingly similar trademarks, tradenames, or domain names that include the B-SAFE Trademarks, or any confusingly similar mark or variation, in connection with the generation, offering, distribution, advertising, or sale of bingo cards.

6. That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

7. For an order requiring Defendant to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's intellectual property;

8. That Defendant be required to deliver and destroy all devices, literature, advertising, goods, and other unauthorized materials bearing the B-SAFE Trademarks, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118; and

9. That this case be deemed exceptional, and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117; and

10. For such other, further, and different relief as the Court may deem proper under the circumstances.

Dated: July 28, 2023

ENVISION IP, LLC

/s/ *Maulin V. Shah*
Maulin V. Shah, *Admitted Pro Hac Vice*
1345 Avenue of the Americas
2nd Floor
New York, NY 10105
Tel:   888-307-6807
maulin.shah@envisionip.com

Attorneys for Plaintiff SAFETY STAR, LLC.

LAW OFFICE OF CARL J. MARQUARDT

/s/ *Carl J. Marquardt*
Carl J. Marquardt (WA Bar No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel:   (206) 388-4498
Email: carl@cjmlawoffice.com

FIRST AMENDED COMPLAINT
Case No. 23-05440-DGE

- 11 -