UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAFETY STAR, LLC., a Missouri limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>    Defendant. | Civil Action No. 23-05440-DGE<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

1  Plaintiff Safety Star, LLC, by and through its attorneys, submits this response
2  in opposition to Defendant Aptibyte, LLC's motion to dismiss the complaint. For the
3  reasons set forth below, Plaintiff respectfully requests that this Court deny
4  Defendant's motion.

## I. FACTUAL BACKGROUND

6  Plaintiff filed its *Complaint for Trademark Infringement, False Designation*
7  *of Origin, Unfair Competition, and Tortious Interference with Economic Relations*
8  in this matter on May 15, 2023. See Dkt. 1. On July 10, 2023, Defendant filed its
9  Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil
10 Procedure 12(b)(1) and 12(b)(6). Dkt. 14. Plaintiff subsequently filed its First
11 Amended Complaint ("Amended Complaint" or "FAC") on July 28, 2023. Dkt. 15.

## II. ANALYSIS

13 Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend
14 its pleading as a matter of course "21 days after service of a motion under Rule
15 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B)." Plaintiff filed its Amended
16 Complaint in this case within 21 days of Defendant's motion to dismiss.

17 This court has held that "[a]n amended complaint properly filed while a
18 motion to dismiss is pending generally moots the motion to dismiss." *Barton v.*
19 *Serve All Help All, Inc.*, 2021 WL 3738989, at *1 (W.D. Wash. Aug. 24, 2021); *see*
20 *also KCTS Television v. Federal Insurance Co.,* 2004 WL 7334914 (W.D. Wash.
21 Nov. 23, 2004) ("'[A]fter amendment the original pleading no longer performs any
22 function and is 'treated thereafter as nonexistent….' Accordingly, defendant's
23 motion [to dismiss] is now moot, and is dismissed for that reason." (internal
24 citations omitted)); *Bisson v. Bank of America, NA.,* 2012 WL 5866309 (W.D.
25 Wash. Nov. 16, 2012) (denying defendant's motion to dismiss as moot upon
26 plaintiff's filing of an amended complaint); *Wagner v. Choice Home Lending,* 266
27 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

complaint and Plaintiff has since filed an Amended Complaint, both motions are now moot."). Thus, Defendant's Motion to Dismiss Plaintiff's Complaint is rendered moot.

Notably, Plaintiff has considered the arguments set forth in Defendant's Motion to Dismiss and has amended its Complaint in light of the motion. As such, the alleged defects Defendant attacks in Plaintiff's original Complaint have been cured by the filing of Plaintiff's Amended Complaint. Among other things:

1. The Amended Complaint identifies a trademark assignment agreement dated June 4, 2018 that provides Plaintiff sole title and right to the B-SAFE Trademarks, and thus, standing to bring the Complaint. *See* FAC, ¶ 18, Ex. 16. Thus, Defendant's arguments in Section II of the Motion to Dismiss are moot.

2. The Amended Complaint also establishes that Defendant has made commercial use in interstate commerce of the B-SAFE Trademarks since at least March 23, 2015. FAC, ¶¶ 38-39. Defendant offers paid memberships to consumers in order to access bingo cards generated and hosted by Defendant, including B-SAFE related bingo cards. Current and historical screenshots of Defendant's website at <bingobaker.com> are provided in Exhibits 14 & 15 of the Amended Complaint. Thus, Plaintiff demonstrates that Defendant makes, and has made, commercial use of the B-SAFE Trademarks since at least March 23, 2015. Defendant's argument in Section III.B.1 of the Motion to Dismiss is moot.

3. The Amended Complaint does not include state law claims for unfair competition under the Washington Consumer Protection Act, unfair competition under Washington common law, and tortious interference with economic relations. Accordingly, Defendant's arguments in Sections III.A, III.B.2 and III.B.3 are moot.

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS
Case No. 23-05440-DGE - 3

## III. CONCLUSION

For the foregoing reasons and all the others discussed in Plaintiff's First Amended Complaint, Defendant's Motion to Dismiss should be denied.

Dated: July 31, 2023

ENVISION IP, LLC

/s/ *Maulin V. Shah*
Maulin V. Shah, *Admitted Pro Hac Vice*
1345 Avenue of the Americas
2nd Floor
New York, NY 10105
Tel:   888-307-6807
maulin.shah@envisionip.com

Attorneys for Plaintiff SAFETY STAR, LLC.

LAW OFFICE OF CARL J. MARQUARDT

/s/ *Carl J. Marquardt*
Carl J. Marquardt (WA Bar No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel:    (206) 388-4498
Email: carl@cjmlawoffice.com

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS
Case No. 23-05440-DGE - 4